RE: APPLICATION OF TITLE 51 O.S. 6 DUAL OFFICE HOLDING PROVISIONS TO PUBLIC TRUST OFFICERS
AS YOU REQUESTED, WE HAVE CONFERRED WITH YOUR STAFF ATTORNEY, TISH SOMMER, REGARDING THE APPLICATION OF THE DUAL OFFICE HOLDING PROVISIONS OF TITLE 51 O.S. 6 (1991) TO PUBLIC TRUST OFFICERS. IN REVIEWING THE SITUATION PRESENTED, WE HAVE ASSUMED, BASED ON INFORMATION PROVIDED — WITHOUT REVIEWING THE ACTUAL DOCUMENTS ESTABLISHING THE ENTITIES — THAT THE TWO ENTITIES INVOLVED, THE TULSA INDUSTRIAL TRUST AUTHORITY AND THE OKLAHOMA ORDINANCE WORKS AUTHORITY ARE BOTH PUBLIC TRUSTS CREATED PURSUANT TO 60 O.S. 176 (1991).
AS YOU KNOW, THE GENERAL PROHIBITATORY PROVISIONS OF 51 O.S. 6 PROHIBIT PERSONS WHO HOLD A PUBLIC OFFICE, OR THEIR DEPUTIES, FROM HOLDING, DURING THEIR TERM OF OFFICE, ANY OTHER PUBLIC OFFICE UNDER THE LAWS OF THIS STATE. GENERALLY, AS INDICATED IN OKLAHOMA CITY V. CENTURY INDEMNITY COMPANY, 62 P.2D 94, 97 (OKLA.1936), IN ORDER TO CONSTITUTE A "PUBLIC OFFICE" A POSITION MUST 1) BE CREATED OR AUTHORIZED BY LAW, 2) THERE MUST BE CERTAIN DUTIES IMPOSED UPON THE POSITION BY LAW, AND 3) THOSE DUTIES MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER. ACCORDINGLY, WHENEVER FACED WITH A DUAL OFFICE HOLDING QUESTION, ONE MUST CONSULT THE STATUTES AND LAWS DEALING WITH BOTH POSITIONS TO DETERMINE WHETHER THE THREE CRITERIA LISTED ABOVE HAVE BEEN MET. UNDER OKLAHOMA LAW, TRUSTEES OF PUBLIC TRUSTS CREATED UNDER TITLE 60 ARE, AT LEAST FOR SOME PURPOSES, CONSIDERED PUBLIC OFFICERS. SEE, STATE EX REL. CARTWRIGHT V. OKLAHOMA INDUSTRIAL AUTHORITY, 629 P.2D 1244 (OKLA. 1981). THUS, BOTH POSITIONS IN THE CASE PRESENTED MAY WELL BE PUBLIC OFFICERS WITHIN THE GENERAL PROHIBITION. BUT WE NEED NOT DECIDE THAT SPECIFIC ISSUE IN ORDER TO ANSWER YOUR QUESTION.
WE NEED NOT DECIDE THAT QUESTION, BECAUSE THE NEXT STEP IN ANALYZING A DUAL OFFICE HOLDING QUESTION IS TO EXAMINE THE STATUTES DEALING WITH THE POSITIONS, AND GENERAL STATUTES, TO SEE IF ANY STATUTORY OR CONSTITUTIONAL EXCEPTIONS TO THE GENERAL PROHIBITION EXIST. HERE, A SPECIFIC STATUTORY EXCEPTION, AS NOTED BY YOUR STAFF ATTORNEY, DOES EXIST. IN ESTABLISHING THE DUAL OFFICE HOLDING PROHIBITION, TITLE 51 O.S. 6 INCLUDES A LAUNDRY LIST OF EXCEPTIONS TO THE GENERAL PROHIBITION, PROVIDING IN PERTINENT PART:
". . . THE PROVISIONS OF THIS SECTION SHALL NOT APPLY TO:
 (7) ANY TRUSTEE OF A PUBLIC TRUST, WHO IS APPOINTED AS A TRUSTEE OF A DIFFERENT PUBLIC TRUST;"
THUS — ASSUMING THE FACTUAL INFORMATION PROVIDED TO YOU AND YOUR COUNSEL IS CORRECT — THAT BOTH OF THE ENTITIES INVOLVED ARE PUBLIC TRUSTS, THE SPECIFIC EXEMPTION QUOTED ABOVE WOULD TAKE THE OFFICERS OF THE TRUSTS OUT OF THE DUAL OFFICE HOLDING PROHIBITIONS OF TITLE 51 O.S. 6
(NEAL LEADER)